**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| vs. | ) | Case No. 06 CR 451 – 1 |
| | ) | |
| **JAMES AUSTIN** | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In September 2007, James Austin pled guilty to a charge of conspiracy to possess controlled substances with intent to distribute. His plea agreement contained a comprehensive and detailed agreement to a Sentencing Guideline calculation. The bottom line was that defendant agreed that he was a career offender, his criminal history category was VI, and his offense level was 41. This resulted in an advisory Guidelines sentencing range of 360 months to life.

In the plea agreement, Austin agreed to cooperate with the authorities. The government agreed that if Austin lived up to this agreement, it would ask the Court to impose a reduced sentence. The parties agreed that if the government made such a request, the appropriate sentence was a 27 year prison term. Austin agreed that if the Court imposed the agreed-upon prison term, he would give up his right to appeal his conviction, the sentence, and the manner in which the sentence was determined, except for a claim that the appellate waiver was involuntary or the result of ineffective assistance of counsel.

In March 2010, Austin and the government entered into an agreed-upon

amendment to the plea agreement, which that provided for a sentence of 23 years rather than 27 years. The remaining terms discussed above remained as-is – including Austin's agreement to give up his right to appeal if the Court imposed the agreed-upon sentence.

At sentencing, the Court imposed a sentence of 23 years (276 months) in accordance with the amended plea agreement. The judgment was entered on the docket on March 22, 2010. Austin, who was represented by attorney Thomas Peters throughout the proceedings, did not file a notice of appeal.

In early December 2010, the Court received a letter from Austin. (Because nothing remained pending in Austin's case, the Court did not make the letter part of the record but did keep a copy.) In the letter, Austin questioned the calculation of his criminal history category and asked the Court to "look into this situation for me." The Court sent Austin a letter dated December 17, 2010 which it likewise did not make part of the record. The letter read as follows:

> Dear Mr. Austin:
>
> I have reviewed your letter of November 29, 2010 in which you ask me to look into the calculation of your criminal history category under the Sentencing Guidelines. As you are aware, I made a calculation of your criminal history category at the time of sentencing.
>
> At the present time, however, your case is no longer before me – the sentencing took place a long time ago, and the case was not remanded to me by the Court of Appeals. Unless and until a case is filed that is assigned to me, such as a motion under 28 U.S.C. § 2255, it would be inappropriate for me to express any views on the matter.
>
> Sincerely,
>
> Matthew F. Kennelly
> United States District Judge

In June 2012 – a little short of eighteen months after the Court's letter – he filed, *pro se*, a document entitled "motion to reinstate direct appeal." He made reference to the Court's letter and then described the following. Austin stated that he had forwarded the letter to Peters and asked him "to file it for me." Peters replied that he could not help with a section 2255 motion but stated that the issues should be brought up in Austin's direct appeal. According to Austin, Peters agreed to file an appeal. After hearing nothing further, Austin became concerned and began calling Peters' office to find out the status of his case. Peters, he says, reported that he was still working on the appeal. Austin stated that he last spoke to Peters in June 2011. Peters reported that he was undergoing medical treatment but would be ready by July, and Austin should call him then. After unsuccessful attempts to reach Peters, Austin said, he learned in October 2011 that Peters had passed away. After attempting without success to get further information from Peters' staff, Austin said, he contacted another lawyer and discussed filing a section 2255 motion because he could not afford to pay the lawyer to handle a direct appeal. The lawyer eventually reported that he had represented other defendants from the case and thus could not handle Austin's case. This, Austin said, is what prompted him to file his "motion to reinstate direct appeal."

Following receipt of Austin's motion, the Court entered an order stating that it would treat Austin's filing as a motion under 28 U.S.C. § 2255 and directed the government to respond. The government did so, and Austin has replied to the response.

As a preliminary matter, the Court has checked online on the Seventh Circuit's docketing system, and there is no record that an appeal was ever filed on Austin's

3

behalf. Thus there is no appeal to "reinstate."

Austin appears to be seeking permission to pursue an appeal because his former attorney Peters failed to take action to pursue one on his behalf. "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). There is nothing in Austin's submissions, however, suggesting that, within the time limits imposed by law, he asked Peters or any other attorney to file an appeal on his behalf. Rather, it clear from Austin's "motion to reinstate" that he did not take action until after he received the Court's December 2010 letter. By then, it was far too late for Austin to file a timely appeal. Under the law, any notice of appeal had to be filed within 14 days after entry of the judgment. *See* Fed. R. App. P. 4(b)(1). Because the judgment in Austin's case was entered on March 22, 2010, that means he would have had to file a notice of appeal by April 5, 2010. The time to appeal can be extended by 30 days in appropriate circumstances, *see* Fed. R. App. P. 4(b)(4), so the absolute deadline in Austin's case would have been May 5, 2010. Austin does not contend that he instructed Peters to pursue an appeal within this time period. (Even if he had done so, no appeal appropriately could have been filed, as further described below.) For this reason, Austin is not entitled to relief under the part of *Flores-Ortega* that concerns a lawyer's failure to follow a defendant's timely instructions to file a notice of appeal.

A defendant in Austin's position can also pursue a claim of ineffective assistance of counsel under *Flores-Ortega* based on an attorney's failure to consult with him about filing an appeal. A claim of this sort involves a two-part inquiry: whether counsel consulted with the defendant about an appeal, and if not, whether counsel's failure to do

so constituted deficient performance. *Flores-Ortega*, 528 U.S. at 478-79. The defendant must also "demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he could have timely appealed." *Id.* at 484. Austin cannot sustain a claim along these lines. The reason is that in his plea agreement, Austin expressly gave up his right to appeal his sentence (he makes no suggestion that this waiver was involuntary). Thus Austin could not have appealed even if he had consulted Peters or some other attorney in timely fashion.

**Conclusion**

For these reasons, the Court denies Austin's motion to reinstate his appeal [dkt. no. 944], which the Court has construed as a motion under 28 U.S.C. § 2255.

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　MATTHEW F. KENNELLY
　　　　　　　　　　　　　　　　　United States District Judge

Date: January 15, 2013

5